UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 5 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

BRETT ANDREW NELSON,  )
           Plaintiff,  )
v.  )  Civil Action No. 21-1867 (UNA)
JOHN TURCO,  )
           Defendant.  )

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), as well as his "Notice of Arrest," "Criminal Complaint," and "Affidavit in Support of Criminal Complaint and Arrest" (ECF No. 1, "Compl.").

Plaintiff stated that he engaged "a disinterested third-party process server regarding cases 21cv1168, 21cv1169, 21cv1409, 21cv1484 and the arbitration collection process and collection on the obligations of contract therein." Compl. ¶ 9. The process server allegedly "called the police for civil assist and protection" because he had "knowledge that those being served have a history of aggression[.]" *Id.* Plaintiff further stated that the officer, John Turco, "attempted to dissuade the process server" and threatened him with "arrest[] for harassment if said server attempted to effectuate the contractual obligations of process service." *Id.* Plaintiff claims Turco thus violated five federal criminal statutes: 18 U.S.C. §§ 242 (deprivation of rights under color of law), 1501 (assault on process server), 1503 (influencing or injuring officer or juror generally), 1505 (obstruction of proceedings before departments, agencies, and committees). *See id.* ¶¶ 10-14. Plaintiff asks this Court to "issue warrants

and detain Defendant and bring forth Defendant to answer for the crimes committed under colour of law and authority," *id.* at 6 (page number designated by CM/ECF).

The Court concludes that the complaint fails to state claims upon which relief can be granted. The Executive Branch, not a federal court, initiates criminal proceedings. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"). And Plaintiff is "a private citizen [who] lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Furthermore, the federal statutes Turco allegedly violated do not provide for private causes of action. *See Banks v. Kramer*, No. 09-5140, 2009 WL 5526780, at *1 (D.C. Cir. Dec. 30, 2009) (per curiam) (discussing 18 U.S.C. §§ 1001, 1503, 1505, 1621, and 241); *Pope v. Thornburgh*, 978 F.2d 744 (D.C. Cir. 1992) (per curiam) (discussing 18 U.S.C. §§ 241, 242, 245); *Nguyen v. Ridgewood Sav. Bank*, No. 14-CV-1058 MKB, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015) (finding that 18 U.S.C. § 2381 "do[es] not provide a private right of action"); *Hopson v. Weinburg Attorney's At Law*, No. 3:12-CV-802-H, 2013 WL 557263, at *2 (W.D. Ky. Feb. 12, 2013) (discussing 18 U.S.C. §§ 1501–13, 1515–17); *see also Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (declining to infer a private right of action from a "bare criminal statute").

The Court will thus grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint. An Order is issued separately.

DATE: August 4, 2021

CARL J. NICHOLS
United States District Judge